ORIGINAL

# In the United States Court of Federal Claims

No. 15-419 C

Filed: July 22, 2015

**NOT TO BE PUBLISHED**

FILED
JUL 22 2015
U.S. COURT OF FEDERAL CLAIMS

```
*******************************************
                                           *
                                           *
THEODORE WATKINS a/k/a                     *
CHARLES HUNTER a/k/a KHALEEL               *
ABDULLAH,                                  *
                                           *
        Plaintiff, pro se,                 *
                                           *
v.                                         *
                                           *
THE UNITED STATES,                         *
                                           *
        Defendant.                         *
                                           *
                                           *
*******************************************
```

**Theodore Watkins**, *pro se*.

**Robert M. Norway**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, *Judge*.

### I.  RELEVANT FACTUAL BACKGROUND.[1]

On April 29, 1976, a jury in the Detroit Recorder's Court[2] ("Michigan State Court") convicted Theodore Watkins for Assault with Intent to Murder. Compl. at 2. On May 20, 1976, the Michigan State Court sentenced Mr. Watkins to a term of five years' probation. Compl. at 2.

---

[1] The relevant facts were derived from the April 27, 2015 Complaint ("Compl.") and attached exhibits ("Pl. Ex. 1–3").

[2] On October 1, 1997, the Detroit Recorder's Court merged into the Third Judicial Circuit of Michigan. *See* Mich. Comp. Laws § 600.9931(1) ("The recorder's court of the city of Detroit

On September 29, 1980, Mr. Watkins pled guilty to Attempted Malicious Destruction of Personal Property and the Michigan State Court sentenced him to a term of two years' probation. Compl. at 2. Mr. Watkins also continued the term of probation from his previous sentence to five years' probation. Compl. at 2–3.

On December 20, 1981, Mr. Watkins was arrested and arraigned on charges that he violated probation and failed to report. Compl. at 3. On December 22, 1981, the Michigan State Court held a hearing and a guilty plea was entered. Pl. Ex. 3. The Complaint alleges that Mr. Watkins did not consent to plead guilty, but instead stood silently. Compl. at 3.

On January 6, 1982, the Michigan State Court sentenced Mr. Watkins to a prison term of seven to fifteen years for violation of his first term of probation and a prison term of one to two years for violation of his second term of probation. Compl. at 3. This sentence was later "vacated on jurisdictional grounds," but Mr. Watkins' guilty plea was not set aside. Compl. at 3. The April 27, 2015 Complaint does not specify if or for how long Mr. Watkins was incarcerated.

## II.  PROCEDURAL HISTORY.

On April 27, 2015, Mr. Watkins ("Plaintiff") filed a Complaint in the United States Court of Federal Claims seeking injunctive relief and $10,000,000 in "statutory and punitive" damages ("Complaint"). Compl. at 4. The Complaint alleges that Mr. Watkins, as a member of the Newaubian Nation of Moors of the Creek Nation, was deprived of procedural protections guaranteed to sovereign nations, pursuant to 28 U.S.C. § 1604 and 22 C.F.R. § 92.12.[3] Compl. at 3–4. The Complaint also alleges that the Government did not follow appropriate procedures to

---

is abolished and merged with the third judicial circuit of the circuit court effective October 1, 1997.").

[3] 28 U.S.C. § 1604 provides:

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 U.S.C. § 1604.

22 C.F.R. § 92.12 provides:

A notarizing officer must execute a written certificate attesting to the performance of a notarial act. This certificate may be inserted on or appended to the notarized document . . . . The certificate evidences the performance of the notarial act. Failure to execute this certificate renders the notarial act legally ineffective. Each notarial act should be evidenced by a separate certificate; two or more distinct notarial acts should not be attested to by one certificate.

22 C.F.R. § 92.12 (internal citation omitted).

"remove [his] immunity." Compl. at 3. The Complaint does not specify which arrests and convictions reflect the alleged procedural violations.

On April 27, 2015, Plaintiff also filed an Application to Proceed *In Forma Pauperis* that the court granted on May 26, 2015.

On June 12, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), for lack of subject matter jurisdiction and failure to state a claim.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285,

3

1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.   Standards For Motion To Dismiss.

#### 1.   Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction [.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

#### 2.   Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### D.   The Government's June 12, 2015 Motion To Dismiss.

#### 1.   The Government's Argument.

The Government argues that the April 27, 2015 Complaint should be dismissed, because the United States Court of Federal Claims does not have jurisdiction to adjudicate either claim. Gov't Mot. at 1. The United States Court of Federal Claims has no jurisdiction over state court criminal proceedings. Gov't Mot. at 3. And, the Complaint did not allege a violation of a money-mandating statute, as required by the Tucker Act. Gov't Mot. at 3. In addition, if Plaintiff was incarcerated by the State of Michigan, the United States Court of Federal Claims does not have subject matter jurisdiction. Gov't Mot. at 6 (citing 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for

4

damages by any person unjustly convicted of an offense *against the United States* and imprisoned.") (emphasis added)).

In the alternative, the April 27, 2015 Complaint "has not made factual allegations sufficient to support the limited category of wrongful incarceration claims that could fall within the jurisdiction of the Court." Gov't Mot. at 9. Specifically, the April 27, 2015 Complaint "does not allege that [Plaintiff] was convicted of an offense against the United States, as required by 28 U.S.C. 1495, . . . because, as shown by the attachments to the complaint, [Plaintiff] was convicted by a Michigan state court." Gov't Mot. at 9–10. And, the April 27, 2015 Complaint "does not allege that his conviction has been reversed or set aside, as required by 28 U.S.C. 2513(a)(1)."[4] Gov't Mot. at 9–10.

### 2. Plaintiff's Argument.

Plaintiff did not file a Response to the Government's June 12, 2015 Motion To Dismiss.

### 3. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).

Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To the extent that the April 27, 2015 Complaint is directed against the State of Michigan, the Third Judicial Circuit of Michigan, or private individuals and members of the state judiciary, no claim is alleged against the United States. Therefore, the court does not have subject matter jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that a suit "could not have been maintained in the Court of Claims because that court is without jurisdiction of any suit brought against private parties").

---

[4] 28 U.S.C. § 2513, in relevant part, provides:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction.

28 U.S.C. § 2513(a)(1).

5

The Tucker Act authorizes the United States Court of Federal Claims to adjudicate "any claim for damages by any person unjustly convicted of an offense *against the United States* and imprisoned." 28 U.S.C. § 1495 (emphasis added). To the extent that the April 27, 2015 Complaint alleges claims against the United States Department of State, however, it does not adequately allege a claim under 28 U.S.C. § 1495 that governs claims for damages by persons unjustly convicted and imprisoned of offenses against the United States. The April 27, 2015 Complaint neither alleges that Plaintiff was unjustly convicted of an offense against the United States nor asserts that the United States Department of State or other federal agency caused Plaintiff's injury. Instead, it claims that Plaintiff's injury resulted from the State of Michigan's failure to follow appropriate federal procedures. Compl. at 2.

Similarly, none of the statutes the April 27, 2015 Complaint cites in support of the sovereign immunity claim are money-mandating. Although the April 27, 2015 Complaint alleges that the three criminal cases should have been brought against Mr. Watkins under 28 U.S.C. §§ 1330–1331, the United States Court of Federal Claims cannot adjudicate claims arising exclusively from federal question jurisdiction under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1330 (governing actions against foreign states); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Addams-More v. United States*, 296 F. App'x 45, 47 (Fed. Cir. 2008) ("[T]he Court of Federal Claims 'lacks the general federal question jurisdiction of the district courts.'") (quoting *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997)).

In addition, there is no evidence that Plaintiff's conviction and incarceration were unjust. The April 27, 2015 Complaint does not allege any finding of innocence, a pardon, or a certificate of innocence to establish unjust conviction under 28 U.S.C § 2513. *See Vicin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) (holding that "[t]he unjust conviction statute has always been strictly construed"). The April 27, 2015 Complaint only requests that the guilty plea be vacated, evidencing that Plaintiff's convictions have not been reversed or set aside.

### IV. CONCLUSION.

For these reasons, the Government's June 12, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). The Clerk is directed to dismiss the April 27, 2015 Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**